UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

    Plaintiff,

v

GEMTRON CORPORATION,

    Defendant.
_____/

Case No. 1:04-cv-387

Hon. Wendell A. Miles

ORDER ON PLAINTIFF'S MOTION FOR BIFURCATION
OF LIABILITY AND DAMAGES

This action arises from allegations of patent infringement by the defendant, Gemtron Corporation, against the plaintiff, Saint-Gobain Corporation. Saint-Gobain is seeking a declaratory judgment that it did not infringe two patents owned by Gemtron and/or that the patents are invalid. Saint-Gobain is also asserting a claim of unfair competition against Gemtron, which has asserted a counterclaim against Saint-Gobain alleging infringement of Gemtron's patents. The matter is currently before the court on Gemtron's "Fed.R.Civ.P. 42(b) Motion for Bifurcation of Liability and Damages" (docket no. 70). Saint-Gobain has opposed the motion.[1]

    Motion DENIED.

---

[1] The materials which the court has considered in resolving this motion include Saint-Gobain's motion and supporting memorandum, Gemtron's opposing memorandum, and Saint-Gobain's reply memorandum. Although reply briefs are not generally permitted in support of nondispositive motions, see W.D.Mich.L.Civ.R. 7.3(c), the court has considered and hereby grants Saint-Gobain's motion for leave to file a reply (docket no. 89), even though the court does not agree with Saint-Gobain's contention that the reply is warranted because Gemtron's response raises "new issues." Gemtron's response raises no issues not contemplated by Saint-Gobain's motion.

**Discussion**

On December 6, 2004, the parties participated in a Rule 16 status conference with Magistrate Judge Hugh W. Brenneman, Jr.  In their Joint Status Report filed in advance of the conference, the parties, as required by the court's Order Setting Rule 16 Scheduling Conference, proposed a plan of discovery.  Their proposed plan suggested separate dates for the conclusion of fact and expert discovery, but did not indicate any suggestion or preference that discovery be conducted in separate phases pertaining to liability and damages.  After conferring with the parties at the Rule 16 conference, the court issued its Case Management Order ("CMO"), establishing separate deadlines for the conclusion of fact and expert discovery, August 5 and November 7, 2005 respectively.  The CMO therefore took into account the parties' proposed plan, and in fact established a deadline for the completion of discovery which was one month beyond the parties' own proposed completion date of October 7, 2005.

In support of its current motion, Saint-Gobain now argues that the court should order not only separate trials on the issues of liability and damages (with willfulness being a damages issue), but also separate discovery periods.  Saint-Gobain's motion clearly contemplates that damages-related discovery will not take place unless and until infringement is found after a jury trial on liability.  (A jury trial has been demanded.)

As Saint-Gobain itself noted in its supporting memorandum, fact discovery was already ongoing at the time Saint-Gobain filed its motion; the company filed its motion just one month before the deadline established for the completion of fact discovery.  The court questions why Saint-Gobain did not raise the issue of "bifurcated" discovery much earlier in the case.  Saint-Gobain's failure to address the reason for its belated request pertaining to discovery suggests that

2

its request is motivated by a change in strategy and/or tactics, and not by any change in circumstances.

What is also interesting about Saint-Gobain's current request is that although the body of its motion for seeks "bifurcation"for both discovery and trial purposes, the heading of the motion relies only on Fed.R.Civ.P. 42(b), which expressly addresses only bifurcation of *trials*, and not discovery.  Of course, issues pertaining to discovery scheduling are controlled by Fed.R.Civ.P. 16(b), which provides that scheduling orders "shall not be modified except upon a showing of good cause."  Saint-Gobain's motion does not address the "good cause" requirement of Rule 16(b).

Saint-Gobain argues that bifurcation is common in patent cases.  Although the court does not question this general proposition, the court must consider each case on its own merits and in accordance with the Federal Rules of Civil Procedure.  As far as patent cases go, this case does not appear to be a complex one.[2]  Little efficiency, if any, would appear to be gained by ordering two separate jury trials.  But the issue of whether the trial itself should be bifurcated into liability and damages issues may, of course, be raised at a later date, after discovery is concluded.  (The case is set for trial in May, 2006, with final pretrial to take place in April, 2006.)  At this point, Saint-Gobain has not shown that bifurcation of the trial would be beneficial to avoiding unnecessary costs or delay.  The court therefore denies the motion to the extent that it is premised

---

[2]Gemtron's two patents – known as the ‹573 and ‹673 patents – which form the subject matter of this action are directed to refrigerators shelves composed of frames made of molded synthetic material enclosing a snap-in glass panel.  The ‹573 patent is directed to the shelf itself, while the ‹673 patent is directed to a refrigerator compartment housing shelves which may be adjusted within the compartment.

on Fed.R.Civ.P. 42(b).

As for Saint-Gobain's request for "bifurcated" discovery, the court's view is that such a procedure would, under the circumstances of this case, potentially result in a much longer, more drawn out proceeding than would otherwise be required if the parties are held to the unified liability/damages discovery period already established by the CMO.  Saint-Gobain has not shown the good cause required under Fed.R.Civ.P. 16(b) for modification of that order.  The court therefore also denies the motion to the extent that it is premised on that rule.

Motion denied.

So ordered this 29th day of August, 2005.

                                       /s/ Wendell A. Miles
                                      Wendell A. Miles
                                      Senior U.S. District Judge