UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

      Plaintiff,                             Case No. 1:04-cv-387

v                                             Hon. Wendell A. Miles

GEMTRON CORPORATION,

      Defendant.
_____/

ORDER ON GEMTRON'S MOTION TO COMPEL INSPECTION
OF SAINT-GOBAIN'S FACILITY

      This action arises from allegations of patent infringement by the defendant, Gemtron Corporation, against the plaintiff, Saint-Gobain Corporation.  Saint-Gobain is seeking a declaratory judgment that it did not infringe two patents owned by Gemtron and/or that the patents are invalid.  Saint-Gobain is also asserting a claim of unfair competition against Gemtron, which has asserted a counterclaim against Saint-Gobain alleging infringement of Gemtron's patents.  The matter is currently before the court on a motion by Gemtron to compel inspection of Saint-Gobain's manufacturing facility in Queretaro, Mexico (docket no. 85).  Saint-Gobain has opposed the motion

      Motion DENIED.

**Discussion**

      Gemtron's two patents which form the subject matter of this action, which are known as

the ‹573 and ‹673 patents, are directed to refrigerators shelves composed of frames made of molded synthetic material enclosing a snap-in glass panel.  In support of its motion, Gemtron argues that an inspection of Saint-Gobain's Queretaro, Mexico facility will lead to the discovery of relevant evidence of infringement of the patents.  In connection with the inspection, Gemtron has requested the court to allow a related deposition of Saint-Gobain on the topics of the latter's manufacturing processes and equipment, product components, and facilities.

Gemtron argues that this discovery will lead to information relevant to the case because Saint-Gobain's accused products are manufactured at the company's Mexican facility, and – Gemtron further argues – Saint-Gobain's manufacturing process is relevant to the issue of infringement.  According to Gemtron, a significant issue in the case is whether certain defined portions of the frames of Saint-Gobain's accused shelves are "relatively resilient" as that phrase is used in the claims of Gemtron's patents.  Gemtron argues that because it is this relative resilience which makes it possible to "snap" the shelf's glass panel in to its frame, observing Saint Gobain's manufacturing process to determine how that company fits glass panels into its shelf frames is relevant to show the accused shelves' "relatively resilient" characteristic.  Finally, Gemtron argues that the court has personal jurisdiction over Saint-Gobain and can therefore order an inspection of Saint-Gobain's Mexican facility.

Both of the patents at issue are product patents, as distinguished from process patents, and the parties do not dispute that the claims of the patents are product claims.[1]   Therefore, the case

---

[1] Gemtron has taken pains to clarify that the "relatively resilient" term used in its claims describes a physical characteristic of its products, and does not turn the claims into product-by-process claims.  Gemtron's Memorandum in Support of its Motion for Summary Judgment as to Infringement (docket no. 40), at 5 n.4.

of <u>Minnesota Mining & Mfg. Co., Inc. v. Nippon Carbide Indus. Co., Inc.</u>, 171 F.R.D. 246 (D. Minn. 1997), on which Gemtron relies, is not on point; in that case, the parties were in agreement that the patents at issue focused upon the manufacturing *process*. <u>Id</u>. at 248 ("a plant inspection provides the most efficient and effective means for determining whether a patented process has been infringed"). Although inspections are not an extraordinary means of discovery in patent suits, <u>Cuno Inc. v. Pall Corp.</u>, 116 F.R.D. 279, 281 (E.D.N.Y. 1987), Saint-Gobain's manufacturing process is not at issue either in the claims or counterclaims. Therefore, the discovery sought does not pertain to a matter at issue and it not relevant to the case. <u>Cf</u>. <u>id</u>. (motion to compel inspection granted where requested inspections covered the claimed infringing process); <u>National Dairy Prods. Corp. v. L.D. Schreiber & Co, Inc.</u>, 61 F.R.D. 581 (E.D. Wi. 1973) (parties permitted to inspect each other's operations in suit involving process patent).

In addition, Gemtron itself has conceded that once Saint-Gobain's accused shelves have been imported into the United States, any "relatively resilient" characteristic present in the relevant portion of the shelf frames "does not change." Gemtron's Brief in Support of Its Motion to Compel Inspection of Saint-Gobain's Facility at 5. If that is true, then examination of the accused shelves after importation will suffice confirm or refute infringement, and an out-of-country inspection at Saint-Gobain's Mexico facilities will serve no useful purpose.

For these reasons, the court denies the motion.

So ordered this 1st day of September, 2005.

      /s/ Wendell A. Miles
     Wendell A. Miles
     Senior U.S. District Judge