UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

    Plaintiff /Counterclaim defendant,

v                                                                     Case No. 1:04 cv 387

GEMTRON CORPORATION,

    Defendant/Counterclaim plaintiff.
_____/

ORDER ON SAINT-GOBAIN'S MOTION IN LIMINE
TO PRECLUDE GEMTRON FROM ASSERTING THAT
SAINT-GOBAIN OFFERED TO PRICE FIX OR MARKET SHARE

    Presently before the court is plaintiff/Counterclaim defendant Saint-Gobain's Motion in Limine to Preclude Gemtron from Asserting that Saint-Gobain Offered to Price Fix or Market Share (docket no. 276). Defendant/Counterclaim plaintiff Gemtron has opposed the motion.

    Saint-Gobain wants any assertions regarding a proposal to price or market share left out of the case because it argues that the allegations are false, have no bearing on patent infringement issues, and are designed to unfairly prejudice the jury against Saint-Gobain. Gemtron's response is in essence that the evidence pertains to willfulness because it relates to intent, state of mind, culpability, and the alleged infringer's behavior during the litigation.

    The evidence specifically relates to a meeting in Mexico which it is undisputed took place after Gemtron had sent Saint-Gobain a letter containing an accusation of infringement but before this action was filed. Although Saint-Gobain's motion does not expressly invoke Fed.R.Evid. 408 as a basis for exclusion, the evidence of what occurred at the meeting is easily viewed as falling under the rule. There is evidence that the meeting was precipitated by Gemtron's

allegation of infringement, including testimony that Eric Escalettes, one of the Saint-Gobain's executives, wanted to have the meeting in order to discuss alternatives to litigation, and that he explained that Saint-Gobain wanted to meet to discuss settlement. Under the circumstances, Rule 408 supports excluding this evidence. Although Gemtron cites to an unpublished district court case in support of allowing the evidence, other more persuasive authority permits a district court to exclude such evidence, notwithstanding the claim that the evidence may be relevant to prove culpability and willfulness. See National Presto Indust., Inc. v. West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir. 1996) (affirming trial court's exclusion of evidence of communications between the parties, based on Rule 408). In this instance, the court concludes that Rule 408 trumps evidence of pre-litigation conduct, particularly when that evidence is highly inflammatory insofar as it suggests potentially illegal conduct having little to do with the issue of infringement.

The court is not concerned with Saint-Gobain's denial that price fixing or market sharing was discussed at the Mexico meeting. That would be a matter of credibility, assuming that the evidence was otherwise admissible. However, the court has concluded that for other reasons, the evidence is not admissible. Therefore,

**Motion granted.**

So ordered this 9th day of May, 2006.

        /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge