UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

    Plaintiff /Counterclaim defendant,

v                                                      Case No. 1:04-cv-387

GEMTRON CORPORATION,                  Hon. Wendell A. Miles

    Defendant/Counterclaim plaintiff.
_____/

ORDER ON SAINT-GOBAIN'S MOTION TO STRIKE
THE APRIL 10, 2006 TAYLOR SUPPLEMENTAL EXPERT REPORT

Presently before the court is Plaintiff/Counterclaim defendant Saint-Gobain's Motion to Strike the April 10, 2006 Taylor Supplemental Expert Report (docket no. 270). Defendant/counterclaim plaintiff Gemtron has opposed the motion. For the reasons to follow, the court **GRANTS** the motion.

**Discussion**

Paul Taylor is Gemtron's damages expert. Saint-Gobain seeks to have Mr. Taylor's most recent "supplemental" expert report (titled "Second Supplemental Expert Report of Paul H. Taylor, April 10, 2006") excluded because the report was not provided at least 90 days before trial as required by Fed.R.Civ.P. 26(a)(2)(C). Saint-Gobain also argues that Mr. Taylor's most recent report contains substantially increased figures for both lost profits and reasonable royalties and that Gemtron has not offered a justifiable excuse for submitting a new report so close to the trial date.

Fed.R.Civ.P. 26(a)(2)(C) requires expert reports to be disclosed "at least 90 days before the trial date or the date the case is to be ready for trial" "[i]n the absence of other directions from the court or stipulation by the parties[.]"  Fed.R.Civ.P. 37(c)(1) provides that

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. . . .

Gemtron does not dispute that it did not provide Mr. Taylor's most recent report at least 90 days before trial.  However, Gemtron argues that there were reasons for the belated disclosure, namely that Mr. Taylor had requested more information, Saint-Gobain also wanted this documenting information, and the parties had agreed that Saint-Gobain could depose Mr. Taylor as well as present its own rebuttal expert.  (Apparently, Saint-Gobain has decided not to call the rebuttal expert, Rodney Crawford, who is not listed in the final pretrial order.)

The issue could be viewed as simply one of supplementation of expert disclosures as contemplated in Fed.R.Civ.P. 26(e)(1), which in turn incorporates Rule 26(a)(3), which requires disclosure at least 30 days before trial unless otherwise directed by the court.  However, the court is not persuaded that Mr. Taylor's most recent report falls within boundaries of supplementation provided by Rule 26(e)(1).  Review of Mr. Taylor's earlier report, dated December 22, 2005, indicates that he reached a specific conclusion regarding Gemtron's lost profits which did not include lost unit sales of tempered glass because he had requested additional financial information *from Gemtron* which not yet been provided by the company for reasons having

2

nothing to do with Saint-Gobain. Therefore, if his analysis was incomplete, it was incomplete because Gemtron did not provide its own expert with enough of its own financial information and not because of a lack of information from Saint-Gobain.

In addition, regarding reasonable royalty damages, Mr. Taylor's earlier report stated that he had "concluded to rely on the RoyaltySource and Licensing Economics Review data indicating industry and guideline patent(s) median royalty rates of approximately 5.0% of sales." Mr. Taylor does not in that earlier report state in any way that his analysis of a reasonable royalty was incomplete. To allow Gemtron to seek a change in its expert's conclusions based solely on information, such as licensing agreements, pursued by Saint-Gobain would defeat the purpose of disclosure because it would permit the bolstering of a report based solely on a desire to answer the opposing party's anticipated challenges. This would effectively amount to unlimited expert opinion preparation. See Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C.2002) ("The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions. Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. . . . It does not cover failures of omission because the expert did an inadequate or incomplete preparation. . . . To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation"); see also Sharpe v. United States, 230 F.R.D. 452, 462-463 (E.D. Va. 2005) (plaintiff not permitted to supplement expert reports in order to remedy incomplete review performed by experts). The obligation to supplement does not grant a party a right to ignore court deadlines, reopen discovery, find "new

facts," generate new expert reports, and then claim different damages.  <u>DAG Ent., Inc. v. Exxon Mobil Corp.</u>, 226 F.R.D. 95, 110 (D.D.C. 2005).

Gemtron argues that Saint-Gobain is not prejudiced by the belated "supplementation" of Mr. Taylor's report.  However, as noted above, Mr. Taylor's most recent report substantially increases his earlier damage calculations.  These increased figures establish that Saint-Gobain is indeed prejudiced by the belated disclosure.

Finally, as for Gemtron's argument that the parties had an agreement regarding expert discovery, Gemtron has not shown that the parties had an agreement that Gemtron could supplement its expert report after December 22, 2005.  The evidence provided by Gemtron suggesting an agreement between the parties indicates that counsel for Saint-Gobain anticipated that Mr. Taylor would be deposed "after supplemental damages reports are exchanged." However, the e-mail documenting this agreement is dated November 1, 2005, several weeks before the date of Mr. Taylor's December 22, 2005 supplemental report; the e-mail does not imply that Saint-Gobain was agreeing to yet further supplementation after December, 2005.  In addition, although Gemtron has submitted the affidavit of its counsel who states that Saint-Gobain's counsel said the parties "previously had agreed that Saint-Gobain's damages expert, Rodney L. Crawford, would be allowed to submit an expert report two weeks after [Taylor] was to be deposed[,]" this does not indicate an agreement on Saint-Gobain's part that it would not oppose amendment of Mr. Taylor's report.  Gemtron has therefore not shown that Saint-Gobain agreed to a waive the 90-day disclosure requirement.

**Conclusion**

For the foregoing reasons, the court GRANTS Saint-Gobain's motion. The April 10, 2006 Second Supplemental Expert Report of Paul Taylor is stricken and shall not be used as evidence at trial.[1]

So ordered this 9th day of May, 2006.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

[1] By way of a footnote in its response brief, Gemtron argues that "Mr. Taylor's report *will need to be supplemented at least one more time* to account for damages arising from the new shelves [recently added to the claims of infringement]" (emphasis supplied). It is noted that Gemtron has not requested permission to supplement Mr. Taylor's report yet again, and the current ruling is by no means intended to suggest that the court would permit one or more additional amendments to the report of Gemtron's damages expert.