UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

    Plaintiff /Counterclaim defendant,

v

    Case No. 1:04-cv-387

    Hon. Wendell A. Miles

GEMTRON CORPORATION,

    Defendant/Counterclaim plaintiff.
_____/

ORDER ON SAINT GOBAIN'S MOTION FOR LEAVE TO AMEND CHART
DISCLOSING CLAIMS AND DEFENSES AND MOTION TO STRIKE
APRIL 25, 2006 AMENDMENT ENTERED BY THE COURT

    Presently before the court is plaintiff/counterclaim defendant Saint-Gobain's Motion for Leave to Amend Chart Disclosing Claims and Defenses and Motion to Strike April 25, 2006 Amendment Entered by the Court (docket no. 303).  Defendant/counterclaim plaintiff Gemtron has opposed the motion.  For the reasons to follow, the court **DENIES** the motion.

**Discussion**

    Recently, the court granted Gemtron leave to amend the Chart Disclosing Claims and Defenses in order to add to the identification of items accused of infringing the patents-in-suit eighteen additional shelves received during the litigation from plaintiff/counterclaim defendant Saint-Gobain Corporation. Although Saint-Gobain opposed that motion (docket no 282), it did not at that time alternatively seek corresponding permission to amend the chart with respect to its defenses.  Saint-Gobain now seeks that permission, and belatedly moves to strike the amendment

already allowed by the court.

Despite the ill-timed nature of Saint-Gobain's request, the court considers the request on its merits. Fairness generally requires that Saint-Gobain be permitted to can expand upon its defenses to infringement in response to Gemtron's expansion of the case to include numerous additional products. However, Saint-Gobain has not shown why it should be permitted to assert new or additional infringement defenses with respect to the three shelves which were already at issue before Gemtron amended its claims. In addition, the court cannot countenance Saint-Gobain's assertion of additional challenges to the validity of the patents at issue. Any additional invalidity defenses go to the patents in issue, which have not changed. Therefore, any invalidity defenses could have and should have been asserted from the beginning of the case so that the parties could be put on notice of the defenses for discovery purposes.

Saint-Gobain argues that the court's ruling on summary judgment "redefined" the claims. In support of this argument, Saint-Gobain cites to a century-old axiom of patent law which "holds that a product 'which would literally infringe if later in time anticipates if earlier.'" Upsher-Smith Laboratories, Inc. v. Pamlab, L.L.C., 412 F.3d 1319, 1322 (Fed. Cir. 2005). However, in its decisions on the parties' cross-motions for partial summary judgment, the court expressly noted that neither party had in its motion addressed the issue of invalidity. Opinion and Order on Parties' Renewed Motions for Partial Summary Judgment (docket no. 266) at 3. The court therefore had no occasion to address the issue of invalidity in its ruling. The court's ruling likewise did not revisit any claim construction issues, which were resolved earlier in the case after full consideration of the arguments made by the parties at that time.

Although Saint-Gobain might have been authorized to amend the chart to assert defenses to claims of infringement with respect to the newly added shelves, Saint-Gobain's proposed amendment goes far beyond the limits of a fair and reasonable response to Gemtron's amendment of its claims and adds new theories of invalidity which should have been raised much earlier in the case. Saint-Gobain could have sought to amend the chart disclosing its defenses to infringement when Gemtron filed its earlier motion, but Saint-Gobain declined to do so at that time. For these reasons, the current motion is **DENIED**.

So ordered this 9th day of May, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge