UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAINT-GOBAIN CORPORATION,

    Plaintiff /Counterclaim defendant,

                                                    Case No. 1:04-cv-387

v

                                                    Hon. Wendell A. Miles

GEMTRON CORPORATION,

    Defendant/Counterclaim plaintiff.
_____/

SECOND ORDER ON GEMTRON'S MOTION IN LIMINE
TO EXCLUDE THE TESTIMONY AND EXPERT REPORT OF HENRY W. STOLL

       Presently before the court is defendant/counterclaim plaintiff Gemtron's Motion in Limine to Exclude the Testimony and Expert Report of Henry W. Stoll (docket no. 284). Plaintiff/Counterclaim defendant Saint-Gobain has opposed the motion. Gemtron has supplemented its motion with exhibits (docket no. 343), including full copies of the expert reports and a complete transcript of the deposition testimony of the witness.

**<u>Discussion</u>**

       In its motion, Gemtron seeks the wholesale exclusion of the testimony and expert report of Saint-Gobain's technical expert, Dr. Henry W. Stoll because Dr. Stoll addresses issues either already decided by or not properly before the court, and because Dr. Stoll provides an "unsupported conclusory opinion" based on a false premise.

       The court has already stated, and now repeats, that it will not permit Saint-Gobain to offer

any testimony or written opinions of Dr. Stoll which contradict matters already decided by the court.  This includes but is not limited to any testimony or opinions regarding the meaning of the claim language "relatively resilient" already construed by the court.  Dr. Stoll has made it clear that he believes that the "relatively resilient" language must be construed with reference to the ability to push the glass both into and out of the frame of the refrigerator shelf.  Because this opinion contradicts the claim construction already made by the court, the opinion will not be admitted into evidence.  Moreover, any additional opinions Dr. Stoll holds which are based on the premise that the "relatively resilient" language must be construed with reference to the ability to push the glass both into and out of the frame will likewise not be admitted.

The court has already ruled Gemtron was entitled to summary judgment as a matter of law that Saint-Gobain's SG1, SG2, and SG3 refrigerator shelves infringe claims 23-30 of the '573 patent.  The court will not admit any testimony or opinions of Dr. Stoll which contradict this ruling.

Dr. Stoll's July 28, 2005 report and deposition testimony express certain opinions regarding what is known as the "'101 patent" as prior art.  However, Saint-Gobain did not identify the '101 patent in the Chart Disclosing Claims and Defenses (docket no. 37, Exhibit D, Saint-Gobain's Disclosure of Prior Art).  For this reason, the court will not admit any written opinions or testimony of Dr. Stoll regarding the '101 patent.

Dr. Stoll's July 28, 2005 report also expresses the opinion that the claims of the patents in suit do not particularly point out and distinctly claim the subject matter which the specification indicated that the applicant regarded as his invention.  However, Saint-Gobain did not identify indefiniteness in the Chart as a basis for an invalidity defense.  For this reason, the court will not

admit any written opinions or testimony of Dr. Stoll regarding indefiniteness.

Gemtron's motion also seeks exclusion of any opinions and testimony of Dr. Stoll regarding obviousness. However, the court concludes that Gemtron's arguments go to weight and not admissibility. Therefore, any opinions or testimony on this subject by Dr. Stoll will not be excluded, so long as they are not based on the premise that the "relatively resilient" language of the patents in suit must be construed with reference to the ability to push the glass both into and out of the frame.

**Motion granted in part and denied in part.**

So ordered this 11th day of May, 2006.

    /s/ Wendell A. Miles  
Wendell A. Miles  
Senior U.S. District Judge