UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMTRON CORPORATION,

    Plaintiff,

-vs-

Case No. 1:04-0387
Hon: AVERN COHN

SAINT-GOBAIN CORPORATION,

    Defendant.
_____/

**ORDER DENYING MOTIONS TO SEAL
AND
DIRECTING ST. GOBAIN TO FILE REVISED STATEMENT OF MATERIAL FACTS
AND SUPPLEMENT ITS BRIEF**

    This is a patent case. Pending is defendant, St. Gobain Corporation's (St. Gobain) motion for summary judgment on the issue of obviousness. This order is intended to clarify the record for the hearing, as well as deny motions to file under seal.

    1.    The motion is scheduled for hearing on November 8, 2007 at 10:30 a.m.

    2.    Pending are motions to file certain papers and exhibits under seal. The motions are DENIED. There appears to be no good reason for the sealing. Accordingly, all of the papers and exhibits to be filed under seal will be placed on the public docket unless a party within seven (7) days shows good cause why a particular paper or exhibit should be filed under seal.

    3.    St. Gobain's Statement of Material Facts should be revised as follows:

        a.    Eliminate footnotes. Footnotes are inappropriate in a Statement of Material facts;

   b. The Statement should be subdivided into parts, i.e., (1) scope and content of prior art preceding piece; (2) differences between the claimed invention and the prior art; (3) level of ordinary skill in the art; (4) objective evidence of obviousness (if any); (5) how a person of ordinary skill would have understood prior art teachings; (6) what a person of ordinary skill would have known or could have done.

  4. The Examination Guidelines promulgated by the Patent Office[1] appear to conflate much of the case law.  St. Gobain should supplement its brief in support of the motion for summary judgment suggesting which of the rationales support its claim of obviousness.

  5. St. Gobain shall file its revised Statement of Material Facts and supplement its brief no later than Thursday, November 1, 2007.

  5. The Court is constrained to observe that the motion has been over-briefed, particularly by Gemtron.  Gemtron's attention is called to the following statement in the Examination Guidelines:

> . . . prior art can be either in the field of applicant's endeavor [refrigerator shelves] or be reasonably pertinent to the particular problem with which the applicant was concerned.

72 Fed. Reg. 57,527.

  SO ORDERED.

Dated:  October 25, 2007    s/Avern Cohn
              AVERN COHN
              UNITED STATES DISTRICT JUDGE

---

[1] Examination Guidelines for Determining Obviousness Under 35 U.S.C. 103 in View of the Supreme Court Decision in <u>KSR International Co. v. Teleflex, Inc.</u>, 72 Fed. Reg. 57,526 (Oct. 10, 2007).

**04-0387 Gemtron Corp. v. Saint-Gobain Corp**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160