**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEMTRON CORPORATION,

    Plaintiff,

-vs-
                                        Case No. 1:04-0387
                                        Hon: AVERN COHN

SAINT-GOBAIN CORPORATION,

    Defendant.

_____/

**ORDER RE: GEMTRON'S MOTION FOR CLARIFICATION REGARDING THE
AMENDED SCHEDULING ORDER AND GEMTRON'S STATEMENT OF
OUTSTANDING DISCOVERY IN RESPONSE TO COURT'S
DECEMBER 03, 2007 ORDER**

This matter having come before the Court upon Gemtron's Motion for Clarification Regarding the Amended Scheduling Order and Gemtron's Statement of Outstanding Discovery in Response to the Court's December 3 Order filed December 5, 2007, the Court having heard argument on Tuesday, December 18, 2007 and being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that the Amended Scheduling Order is clarified as follows: while the Court has been advised that the shelf designated SG16 is not sold in the United States, the SG16 shelf will serve as a surrogate for the shelves designated SG4-23 (with the exception of SG-12), such that an adjudication of infringement or non-infringement of claim 23 of United States Patent No. 6,679,573 ("claim 23") by the SG16 shelf will apply to the shelves designated SG4-23 (with the exception of SG12). Should there be an adjudication of infringement by the SG16 shelf serving as surrogate (*i.e.*, notwithstanding that it might not be sold in or imported into the United States), there will be a subsequent

trial on damages involving the following shelves: SG1-3 (previously adjudicated to be infringing) and SG4-23 (with the exception of SG12). An adjudication during the trial on the SG16 shelf that claim 23 is invalid will preclude Gemtron from asserting infringement of claim 23 by shelves SG1-23. Should there be an adjudication of non-infringement by the SG16 shelf serving as a surrogate, and claim 23 is not held to be invalid, a subsequent trial on damages involving the SG1-3 shelves will be subject to Saint-Gobain's right to move for reconsideration on the ruling of infringement by shelves SG1-3.

**IT IS FURTHER ORDERED** that, as to the outstanding discovery issues:

1. Saint-Gobain is to produce, no later than January 4, 2008, a witness to be deposed on the manufacture of the Saint-Gobain shelves in Mexico and the details surrounding the content, preparation, and production of the Saint-Gobain videotape filed with the Court on November 28, 2007 ("the Saint-Gobain Video").

2. Saint-Gobain is to produce to Gemtron no later than January 3, 2008: (1) in unredacted form (*i.e.*, full-text) and translated into English, all documents that have been produced with redactions; to the extent Saint-Gobain asserts that documents previously produced in redacted form are subject to the attorney client privilege or attorney work product doctrine, Saint-Gobain shall produce to the Court for in camera review any such documents with a translation, and (2) all manufacturing documents identified in the Court's letter dated August 20, 2007 (*i.e.*, protocols and procedures), and described more specifically in Gemtron's Statement of Outstanding Discovery in Response to the Court's December 3 Order.

3. Saint-Gobain is to produce to Gemtron no later than January 4, 2008, a list of the universe of refrigerator shelves manufactured by Saint-Gobain that Saint-Gobain has to reason to believe are likely to be sold in, offered for sale in, or imported directly or indirectly into the United States. Such list shall include an identification of where each shelf model is manufactured, to whom it is sold, and the total number of such shelves.

4. The Protective Order that has been entered in this case is hereby amended to allow Manfred Jaeckel and Oliver Zitzmann, counsel for Gemtron with internal responsibility for managing the litigation of this matter, and Jean-Gerard Leconte and Virginie Goldenberg, counsel for Saint-Gobain with internal responsibility for managing the litigation of this matter, to have access to the Saint-Gobain Video as well as to any and all other documents and things previously designated Highly Confidential and identified by either party on the exhibit lists that are being exchanged in preparation for trial and the deposition designations and counter designations similarly being exchanged by either party in preparation for trial in this case. Before disclosing any such documents or information, the party wishing to disclose such documents or information shall produce to the producing party a list of any such documents or information the party wishes to disclose. The producing party will respond with any objections to the disclosure of such documents or information as soon as possible, and no more than one business day after receiving the proposed list. If no objection is made within one business day, any objection is waived. Before Messrs. Jaeckel,

Zitzmann, Leconte and Ms. Goldenberg review any materials designated Highly Confidential under the Protective Order, they shall sign an undertaking under the terms of the Protective Order.

SO ORDERED.

Dated: January 03, 2008                    s/Avern Cohn
                                                                         AVERN COHN
                                                                         UNITED STATES DISTRICT JUDGE