UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMTRON CORPORATION,

    Plaintiff,

-vs-

Case No. 1:04-0387
Hon: AVERN COHN

SAINT-GOBAIN CORPORATION,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court, in its Memorandum and Order of March 04, 2008, deferred consideration of Saint-Gobain's motion for summary judgment on the issue of wilful infringement until the final pretrial conference. On March 21, 2008, the Court heard argument on the motion following which it granted it for reasons stated on the record. Gemtron has filed a motion for reconsideration. The motion is DENIED.

Boiled down, Gemtron takes the position that as of January 20, 2004, the day the '573 Patent issued, there was an objectively high likelihood that the SG1 refrigerator shelf Saint-Gobain was manufacturing in Mexico and selling in the United States infringed the '573 Patent, and that Saint-Gobain knew or should have known this. To establish these facts at trial the jury would be required to assess the credibility of the Court's interpretation of Claim 23 of the '573 Patent and find that there was no merit to Saint-Gobain's interpretation. To put it another way, the jury would have to find that Saint-Gobain's interpretation of Claim 23 bordered on the frivolous.

While the Court is satisfied with the interpretation of Claim 23 on which the jury's finding of infringement is based, it is certainly not free from doubt.  Given that 35% of district court claim construction decisions are reversed, it cannot be said that Saint-Gobain's view of the Court's interpretation and the alternative interpretation it proffered throughout the course of this case are without merit.

Additionally, the jury on the issue of wilful infringement would be instructed as follows:

> One of the facts you should consider is whether or not Saint-Gobain possessed a reasonable basis to believe that it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated.

There is no genuine issue over the material fact that Saint-Gobain had a reasonable basis to believe that it had a substantial defense to infringement and that it reasonably believed the defense would be successful.  That the defense failed is not cause to allow the jury to consider wilfulness.

On the issue of wilful infringement the grant of summary judgment in favor of Saint-Gobain was correct.


Dated:  April 3, 2008            s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 3, 2008, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160