UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMTRON CORPORATION,

    Plaintiff,

-vs-

SAINT-GOBAIN CORPORATION,

    Defendant.

                                      /

Case No. 1:04-0387
Hon: AVERN COHN

**MEMORANDUM AND ORDER
DENYING SAINT-GOBAIN'S MOTION FOR A NEW TRIAL**

I.

This is a patent case. The patent-in suit, U.S. Patent No. 6,679,573 (the '573 Patent) covers a Refrigerator Shelf. On January 28, 2008, a jury found the patent valid and Claim 23 of the '573 Patent infringed by defendant, Saint-Gobain Corporation's (Saint-Gobain) SG16 refrigerator shelf. Saint-Gobain has moved for a new trial under Fed.R.Civ.P. 50 on grounds that the Court misinstructed the jury[1] and that the Court precluded it from arguing to the jury a highly pertinent fact. The background of the case and the trial are described in the Memorandum And Order Denying Saint-Gobain's Rule 50 Motion For Judgment As A Matter Of Law of even date. For the reasons which follow the motion is DENIED.

---

[1] The substantive jury instructions are displayed in Saint-Gobain's Rule 50 Motion, infra.

1

II.

The law relating to a Rule 59 motion and the law relating to a challenge to the jury instructions is well known and need only be briefly described.

A.

In <u>Sundance, Inc., v. DeMonte Fabricating, Ltd.</u>, the Court said:

> . . .Rule 59(a) provides that new trial motions may be granted, in an action involving a trial by jury, "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Generally, this provision has been interpreted to mean that a district court should grant a motion for new trial only "when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." <u>Holmes v. City of Massillon, Ohio</u>, 78 F3d 1041, 1045-46 (6th Cir 1996). <u>See also</u> <u>Mitchell v. Boelcke</u>, 440 F3d 300 (6th Cir 2006).

2006 WL 2708541, at *3 (E.D. Mich. Sept. 20, 2006)

B.

ROBERT L. HARMON, PATENTS AND THE FEDERAL CIRCUIT, (7th ed. 2005), pp. 739-740 says:

> The question once a misstatement has been made is whether the error was so egregious, considering the instructions as a whole, as to require the verdict to be set aside. Jury instructions must be both legally correct and sufficiently comprehensive to address factual issues for which there is disputed evidence of record. But a party has no vested right in its own carefully couched form of words in an instruction. In order to prevail on appeal the party must demonstrate that the instructions read in their entirety were incorrect or incomplete as given and then show that the suggested instruction could have cured the error. A new trial is ordered only when errors in the instructions as a whole clearly misled the jury.

> The standard of review of jury instructions is prejudicial legal error. It is not enough to merely show that a jury instruction is erroneous; a party also must show that the erroneous jury instruction was prejudicial. When the error in a jury instruction could not have changed the result, the erroneous instruction is harmless. To determine whether the erroneous jury instruction was prejudicial, the entirety of the proceedings, including the jury instructions as a whole, must be considered.

III.

The grounds asserted in the motion for new trial are essentially a rehash of Saint-Gobain's challenge to the Court's construction of Claim 23 of the '573 Patent. What follows is a brief discussion of each of Saint-Gobain's grounds; more is not necessary to explain the Court's reasons for denying the motion.

(1)[2]    Jury instruction 17, to which Saint-Gobain objects, told the jury that Claim 23 does not place any limitation on the temperature of the frame when the glass panel is inserted. This is consistent with the Court's construction of Claim 23.

(3)    Saint-Gobain's proposed instruction 23 telling the jury that "infringement of a product be viewed in the form in which it was present in the United States" was unnecessary. There was no dispute of the fact that the SG16 as it existed in Mexico was the same as it existed when sold in the United States.

---

[2] Saint-Gobain's motion includes 12 numbered reasons. The numbers in parenthesis reference the numbering in the motion.

3

(4)   Saint-Gobain's proposed instruction 19, telling the jury that the relative resiliency of the relatively resilient end edge portion recited in Claim 23 must be demonstrable at times other than when the glass panel is being inserted in the frame, is contrary to the Court's construction of Claim 23.

(5)   Saint-Gobain's proposed instruction 22 telling the jury that heating the SG16 modified it, and that an accused product cannot be modified to establish infringement was improper, since there was no evidence at trial that heating the SG16 was a modification. Miedema's heating of the SG16 was not a modification; it was done as part of his effort at reverse engineering of the SG16 to enable him to replicate the manner in which it was manufactured.

(6), (7)   Saint-Gobain's proposed instructions 25 and 26 on written description and enabling disclosure relate defenses which were explicitly withdrawn by Saint-Gobain (Tr. 01/28/04, p. 4).  A jury is not instructed on a non-issue in a case.

(8), (9), (10), (11)   Saint-Gobain's proposed modifications to instructions 27, 29, and 31 are no more than its disagreement with the Federal Bar Association's Model Patent Jury Instructions *(*last edition: January 12, 2008*)*. The Model Instructions reflect the Supreme Court's decision in KSR International Co. v. Teleflex, Inc., 550 U.S. __, 127 S.Ct. 1727 (2007).  The impact of KSR on Saint-Gobain's argument relating to invalidity is fully discussed in the Memorandum and Order Denying Motion for Summary Judgment on Issue of Validity (Obviousness), reported at 2007 WL 4334780 (W.D. Mich Dec. 6, 2007).  The instructions on obviousness were taken from the Federal Bar Association's Model Jury Instructions, supra, and are consistent with what the Court said in the Memorandum And Order Denying Summary Judgment, supra.

(2)   Lastly, Saint-Gobain asserts that the Court "improperly precluded Saint-Gobain from including in the trial the highly pertinent fact that the '573 specification includes specific warnings that the relatively resilient end edge portion (finger) because of its resiliency, is not designed to support a food-loaded refrigerator shelf, and therefore it is necessary to provide ribs or ledges in the refrigerator compartment for such support." This argument recycles Saint-Gobain's rejected claim construction arguments. Gemtron's Opposition To Saint-Gobain's Rule 59 Motion For A New Trial adequately answers Saint-Gobain's argument when it says (p. 4):

> [T]he law is well-established that it is inappropriate to give an instruction that requires the jury to consider any proposed claim construction not adopted by the Court. *EZ Dock, Inc. v. Schafer Sys., Inc.*, 2003 WL 1610781, at 12 (D. Minn. Mar. 8, 2003); *see also Medtronic Navigation, Inc. v. BrainLAB Medizinishce Computersystems GmbH*, 2008 WL 410413, at 5, 6, 8 (D. Col. Feb. 12, 2008) (imposing costs and attorneys' fees for "abuse of advocacy" by the plaintiff's attorneys who improperly argued a claim construction to the jury that was broader than the court's); *Sofpool, LLC v. Intex Recreation Corp.*, 2007 WL 4522331, at 6 (E.D. Tex. Dec. 19, 2007) (ordering the parties not to refer to any proposed claim construction not adopted by the court in front of the jury). Indeed, this Court was obligated to instruct the jury to accept the Court's claim construction. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F3d 1356, 1366 (Fed. Cir. 2004) (holding that a district court must instruct the jury so that it "understands. . .that the district court's claim construction, determined as a matter of law, is adopted and applied by the jury in its deliberation of the facts").

IV.

Saint-Gobain does not want a new trial; what Saint-Gobain wants is a reversal of the Court's construction of Claim 23, in a manner which would take the SG16 outside the boundaries of Claim 23. The jury was not misinstructed. The jury did not reach a seriously

5

erroneous result.  The trial was not unfair to Saint-Gobain.  Saint-Gobain has not shown a right to have this case retried.

      SO ORDERED.

                                s/Avern Cohn  
                                AVERN COHN  
                                UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 21, 2008, by electronic and/or ordinary mail.

                                s/Julie Owens  
                                Case Manager, (313) 234-5160