UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMTRON CORPORATION,

    Plaintiff,

-vs-

Case No. 1:04-0387
Hon: AVERN COHN

SAINT-GOBAIN CORPORATION,

    Defendant.

_____/

**MEMORANDUM AND ORDER
DENYING SAINT-GOBAIN'S MOTION TO REOPEN PROOFS**

For the reasons stated on the record at the hearing of July 18, 2008, and for the further reasons stated below, Saint-Gobain's Motion To Reopen Proofs To Establish That The '573 Patent Is Invalid Due To A §102(b) On-Sale Bar is DENIED.

A.

The law relating to the on-sale bar defense is well-stated in Schwartz's *Patent Law And Practice* (5th ed):

> In 1998, the Supreme Court set forth two conditions for an on-sale bar: (1) the invention must be the subject of a commercial offer for sale, and (2) the invention must be ready for patenting. The Federal Circuit has held that the commercial-offer-for-sale condition is met only by an offer that another party can make into a binding contract by simple acceptance.
>
> * * *
>
> The Supreme Court identified at least two ways of satisfying the ready-for-patenting condition: (a) proof of a reduction to practice, or (b) proof of drawings or descriptions of the

1

invention that were sufficiently specific to enable one skilled in the art to practice the invention.

B.

Because of the volume of paper filed by the parties, and particularly the numerous exhibits, the Court asked Saint-Gobain to lodge with it the document trail that supports the assertion that the '510 patent (the subject of this case) was offered for sale more than one (1) year prior to the application.

Saint-Gobain did so. It lodged with the Court a three-ring binder containing some 20 exhibits in four (4) categories:

- Disclosure/Offer For Sale To Gandhi (GE)

- Disclosure/Offer For Sale To Falk (GE)

- Exhibits Related To Saint-Gobain's Discovery Requests And Gemtron's Responses

- Exhibits Related To Statements By Gemtron's Counsel

Only the documents in the first two (2) categories have any arguable relevance to the issue put by the motion.

C.

None of the documents in the first two (2) categories:

- reflected or came close to establishing a question of fact over whether Gemtron made a commercial offer for sale, i.e., an offer that it could make with a binding contract by simple acceptance. At most the document established that it was possible that Gemtron representatives described a shelf similar to the commercial embodiment of the '573 patent to GE representatives.

- reflected or came close to establishing drawings or descriptions of the invention of the '573 patent that were sufficiently specific to enable one skilled in the art to practice the invention.

2

D.

In sum, defendant failed to establish the right to reopen the proofs to establish a question of fact regarding the invalidity of the '573 patent due to a violation of 35 USC §102(b).

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2008, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160