UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMTRON CORPORATION,

    Plaintiff,

-vs-

Case No. 1:04-0387
Hon: AVERN COHN

SAINT-GOBAIN CORPORATION,

    Defendant.

_____/

### ORDER DENYING COSTS

I.

This is a patent case. On September 29, 2008, the Court entered a Final Judgment in favor of plaintiff, briefly as follows:

- the patent-in-suit is valid

- defendant infringed the patent-in-suit

- defendant is enjoined from further infringing the patent-in-suit (the injunction is stayed pending resolution of an appeal)

- plaintiff is awarded damages in the amount of $1,761,448.00 plus prejudgment interest in the amount of $220,785.00

The case was filed June 10, 2004. Between filing and entry of the final judgment the record reflects 829 docket entries. During the course of the case from filing to final judgment the parties vigorously contested every issue.

1

II.

A.

Now before the Court is plaintiff's Bill of Costs in the amount of $115,305.62, broken down as follows:

- fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case

    - $35,381.12

- fees for exemplification and copies of papers necessarily obtained for use in the case

    - $54,505.83

- compensation of interpreters and costs of special interpretation services under 28 USC §1828

    - $25,418.67

B.

The Bill of Costs is supported by a declaration of plaintiff's lawyer summarizing the items with citation of precedents in support, and eight (8) exhibits documenting in detail each of the three (3) items, as well as the cited precedents.

Twenty-six (26) depositions of 19 deponents are charged; the charges include both videos and transcripts. Six (6) witnesses actually testified. In addition, there were charges for 18 on-the-record conferences and in-court hearings.

The exemplification and copies of papers include copying charges of four (4) law firms.

The translation charges are reflected in 18 separate invoices.

C.

Defendant's brief in opposition runs 17 pages, and includes as an appendix 15 cases.

D.

Plaintiff's reply runs 10 pages and is accompanied by 10 exhibits, 15 docket items, four (4) of which consist of 123 pages of expenses, schedules, and invoices, as well as 15 cases.

E.

Finally, defendant concludes the record with a 9 page brief.

III.

A.

28 USC §1920 reads:

> §1920.  Taxation of costs
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees of the Court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828

of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

### B.

28 USC §1924 reads:

§1924.  Verification of bill of costs

Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

### C.

Fed. R. Civ. P. 54(d) reads in part:

(d)   Costs; Attorney's Fees.

(1)   Costs Other Than Attorney's Fees.  Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 1 day's notice.  On motion served within the next 5 days, the court may review the clerk's action.

### D.

Local Rule 54.1 reads:

54.1  If the parties in a case can agree on costs, it is not necessary to file a cost bill with the Clerk.  If the parties cannot agree, a bill of costs shall be filed with the Clerk within thirty (30) days from the entry of judgment.  If a bill of costs is filed, any party objecting to the taxation of costs must file a motion to disallow all or part of the claimed costs within ten (10) days of service of the bill of costs on that party.  The motion and

response thereto shall be governed by L.Civ.R. 7.1 and 7.3.

IV.

A.

"[The language of the rule] creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court," White & White, Inc. v. Am. Supply Corp., 786 F.2d 728, 729 (6th Cir. 1986).  In a close and difficult case, a district judge does not abuse his discretion in requiring each party to pay its own costs.  U.S. Plywood Corp. v. Gen. Plywood Corp., 370 F.2d 500 (6th Cir. 1966).  In a case where the district judge concluded that the "defense was conducted 'in the tradition of the old fashioned total warfare' and the exercise of his discretion to prevent either party from keeping alive the vestige trial by battle," a denial of costs was upheld.  McFarland v. Gregory, 425 F.2d 443, 449 (2d Cir. 1970) (quoting the district court).

B.

This is a case in which, in the exercise of discretion, an award of costs to plaintiff as prevailing party would be inappropriate.  No extensive analysis of the record is necessary to establish this.  The very nature of the filings on costs displays the excessiveness that has marked the progress of this case.  The Court has had to expend considerably more time and energy on this case than the legitimate differences between the parties warranted.  For example, defendant stonewalled discovery in Mexico.  Plaintiff's insistence on immediate effect for the permanent injunction is of the same order.

The detailed review required to come to a decision on the multiple of items claimed, the expense of which makes up the costs, would involve almost as much time and effort

5

as the Memorandum and Order Denying Saint-Gobain's Rule 50 Motion for a Judgment As a Matter of Law (Dkt. 753).

Lastly and most importantly, this was a close and difficult case.

V.

Accordingly, costs to plaintiff are DENIED.

SO ORDERED.

                                    s/Avern Cohn  
                                    AVERN COHN  
                                    UNITED STATES DISTRICT JUDGE

Dated: December 17, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 17, 2008, by electronic and/or ordinary mail.

                                    S/Julie Owens  
                                    Case Manager, (313) 234-5160